# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 8466 | DATE | 3/31/2003 |
| CASE TITLE | Tedd Mitchell vs. James Chrans | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Petition for Habeas Corpus

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion and order, Tedd Mitchell's Petition for Habeas Corpus relief is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 3 1 2003 date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | 14 |
| | Copy to judge/magistrate judge. | | |
| jar/lc | courtroom deputy's initials | date mailed notice | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. TEDD MITCHELL, | ) ) ) No. 99 C 8466 |
| Petitioner, | ) ) |
| | ) HONORABLE DAVID H. COAR |
| v. | ) ) |
| JAMES CHRANS, Warden of Joliet Correctional Center | ) ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Petitioner Tedd Mitchell's Petition for a writ of habeas corpus. Mitchell presents eight issues in his habeas petition: (1) a Fourth Amendment violation when he was arrested without probable cause; (2) a Sixth and Fourteenth Amendment violation arising from the trial judge's failure to conduct voir dire on the issue of police brutality; (3) a Sixth Amendment Confrontation Clause violation when an out-of-court private conversation was entered into evidence against him; (4) failure to give an instruction that testimony of narcotics addicts is subject to suspicion; (5) Disclosure to jury of Mitchell's prior conviction for burglary violated his due process rights; (6) a Due Process violation based on a conviction on insufficient evidence; (7) a Due Process violation based on prosecutorial misconduct in the closing argument; and (8) an Eighth Amendment violation that his 80 year sentence is excessive. The Court will address each ground in turn.

**LEGAL STANDARD**

When a prisoner in state court custody files a petition for a writ of habeas corpus, the

1

federal courts review judgments of state courts to assess whether they resulted in a decision that was "resulted in a decision that was [either] contrary to, or involved an unreasonable application of clearly established federal law [or] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Where the state court decision did involve such a contrary or unreasonable application of federal law, the federal court should grant the habeas petition.

**PRELIMINARY REMARK**

In its briefing, the state repeatedly mentions petitioner's alleged failure to cite case law. Tedd Mitchell, like most habeas petitioners, is proceeding without the benefit of counsel. His habeas petition is typewritten onto the form petition that is available in Joliet Correctional Center to prisoners in state custody for this purpose. The attorneys in the State Attorney General's office are undoubtedly familiar with this standard form document. The standard form directs pro se habeas petitioners to provide supporting facts for each issue that they believe merits relief "without citing cases or law." (Pet. at 5.) Where the standard form petition provided to state prisoners directs them not to cite cases, the state should not ambush the petitioner with repeated assertions that his claims should fail because they lack supporting citations.[1] The state already

---

[1] The state attempts to catch petitioner in this trap repeatedly. On page six of Respondent's Answer, the state's attorneys write: "Petitioner offers no case law, United States Supreme Court or otherwise, in opposition to the Appellate Court's review." On page eight of Respondent's Answer, the state's attorneys write: "Petitioner cites no United States Supreme Court law at all. He makes no effort to distinguish the Appellate Court's ruling with case law whatsoever." On page nine, they write: "petitioner does not rely on any decisions b [sic] the United States Supreme Court (or case law at all) . . . ." Later on page nine, they repeat, "the petitioner offers no authority to show that the Appellate Court was incorrect." On page ten, "Petitioner offers no case law in opposition to the Appellate Court's review." This type of hyperbolic venting ("no case law at all" "whatsoever") about the pleadings of a pro se prisoner serving an 80 year sentence for first degree murder only adds a layer of unnecessary bile to

2

has the inherent advantages of liberty and legal education, it need not resort to ambush in efforts to obtain the upper hand. The Court admonishes the State to be cognizant of the pleadings that the opposing party is submitting. Where a pro se petitioner's pleading form says, "don't cite case law," it will do no good to tell the Court, "he didn't cite any case law." The Court would never accept this argument, as it would be manifestly unfair to pro se habeas petitioners.

**ISSUE 1: Alleged Fourth Amendment Violation**

Petitioner submits that the police violated his rights under the Fourth Amendment when they held him at the police station for several hours without probable cause or a warrant. The Supreme Court has created a rule of convenience foreclosing federal court review of Fourth Amendment claims in habeas petitions. See Stone v. Powell, 428 U.S. 465 (1976). Federal habeas courts can only review Fourth Amendment exclusionary rule claims when the petitioner has been denied an opportunity for a full and fair litigation of the claim in state court.

In this case, Mitchell sought to exclude the statements he had given to the police at the police station because they were obtained after his unlawful arrest. Mitchell had a suppression hearing on the issue in the trial court, at the conclusion of which the court denied the motion. Mitchell appealed the denial of his suppression motion through the state court system. His opportunity to litigate the claim in state court was full and fair, so habeas relief based on the alleged Fourth Amendment violation must be denied.

**ISSUE 2: Failure to Conduct Voir Dire on the Issue of Police Brutality**

Petitioner seeks a grant of habeas corpus due to the trial court's failure to inquire of the venire about the issue of police brutality. The trial judge has tremendous discretion over the

---

already complex litigation. It certainly does not provide support for the State's position.

conduct of voir dire. See Mu'Min v. Virginia, 500 U.S. 415, 423 (1991). Provided that the trial court's voir dire was sufficient to inquire after the likelihood of bias within the venire, voir dire should be sufficient. In this case, the Court refused to ask Mitchell's proposed questions because it presented a high risk of distracting the venire from the actual issues in the case. While Mitchell did try to establish that his statements were coerced, the jury was entitled to make their own determination about the competing credibility claims. The trial court's refusal to inquire about police brutality did not present an unacceptable risk that bias on the venire would remain uncovered.

To demonstrate the general reasonableness of the voir dire in this case, the Court points out the trial court's response to Mitchell's other requested questions. In particular, Mitchell requested that the court inquire about the jurors ability to be fair and impartial in a murder case with a fourteen year old victim. The trial court agreed to this line of questioning, although it feared "I'm opening the door there to lose a lot of jurors." (Transcript, vol. II, at C-12.)

Having reviewed the voir dire in its entirety, this Court finds that the denial of petitioner's two questions on police brutality did not create an acceptable risk that biased jurors would remain on the jury. Petitioner's second ground for habeas relief is denied.

## ISSUE 3: Sixth Amendment Confrontation Clause violation

Petitioner argues that the trial court committed reversible error when it permitted Detective Rajakovich to testify to another Detective's out of court statements about the location of the baseball bat which was used as the murder weapon. The Illinois state court on direct appeal held that this claim was waived by petitioner's failure to include it in a post-trial motion for relief. The state court further held that Detective Rajakovich could have testified that

petitioner directed him to the garbage can where the murder weapon was located, so any error was harmless.

While state court evidentiary rulings can violate a Defendant's federal constitutional rights, see Buie v. McAdory, — F.3d —, 2003 WL 1062769 (7th Cir. March 13, 2003), this ruling is not so significant to Petitioner's trial that it would rise to the level of a denial of due process. Furthermore, this Court cannot say that the state court ruling was contrary to or involved an unreasonable application of federal law. Petitioner's third ground for relief is rejected.

**ISSUE 4: Failure to Instruct the Jury that a Witness was addicted to Drugs**

Petitioner asserts that Illinois law requires a cautionary instruction to be given if requested where there is evidence that a witness is addicted to drugs. This issue is not cognizable in a federal court on a habeas petition, for it does not claim a violation of "the Constitution or Laws of the United States." Consequently, this ground for relief is rejected.

**ISSUE 5: Permitting Evidence of Mitchell's Prior Conviction**

Petitioner asserts that the trial court committed constitutional error when it permitted into evidence a certified copy of his 1990 conviction for burglary. Evidentiary rulings are committed to the sound discretion of the trial court. Here, the state court held that introduction of this evidence was permissible under state law, and that it was not an abuse of discretion.

Like issue four, Petitioner's fifth ground for relief does not claim a violation of "the Constitution or Laws of the United States." While some evidentiary rulings can violate a Defendant's federal constitutional rights, see Buie v. McAdory, — F.3d —, 2003 WL 1062769 (7th Cir. March 13, 2003), the admission of Petitioner's prior conviction into evidence in a case

where Petitioner testified does not rise to the level of a constitutional problem.

## ISSUE 6: Due Process Violation for conviction based on insufficient evidence

Defendant contends that the convictions for felony murder and attempted armed robbery must fail because there was no evidence of the corpus delicti independent of his statements. While Illinois law requires evidence of the corpus delicti over and above the statements of the defendant, federal law contains no similar requirement. Therefore, Petitioner's sixth issue is insufficient to support a grant of habeas relief.

## ISSUE 7: Prosecutorial Misconduct denied Petitioner his Due Process Rights

Petitioner argues that the prosecutors impermissibly shifted the burden of proof through their improper argument that he was to blame for any "missing witnesses" to the crime. The state court held that the prosecutors arguments were proper in rebuttal to the defense argument that the state "offered a theory without any eyewitnesses." This Court cannot conclude that the state court's conclusion was contrary to or an unreasonable application of federal law.

Petitioner also argues that it was misconduct for the prosecutors to repeatedly question him as to whether other witnesses were lying. The state court held that those questions, while they were improper, were harmless as a matter of law. Where the defendant testifies and contradicts the testimony of several other witnesses, the appropriate time to highlight those inconsistencies is during argument, not when the witness is still on the witness stand. However, this Court cannot conclude that the state court's conclusion that the error was harmless was contrary to or an unreasonable application of federal law.

## ISSUE 8: Eighth Amendment Claim that the 80 year Sentence is Excessive

Petitioner's final argument is that his 80 year sentence is excessive in violation of the Eighth Amendment. The state responds that this argument is non-cognizable on federal habeas. The state is patently incorrect. Although the recent holdings of the Supreme Court may have whittled away the proportionality principle contained in the Eighth Amendment, see Ewing v. California, 123 S. Ct. 1179 (2003); Lockyer v. Andrade, 123 S. Ct. 1166 (2003), it has nevertheless held that a "narrow proportionality principle" is contained there. Ewing 123 S. Ct. at 1185 (2003) ("The Eighth Amendment, which forbids cruel and unusual punishments, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'") (citation omitted).

In petitioner's case, though, his sentence does not implicate the "narrow proportionality principle" of the Eighth Amendment. For a first degree murder, armed robbery, and home invasion, a sentence of 80 years is not grossly disproportionate to the crime. Petitioner's final ground for relief is rejected.

## CONCLUSION

For the reasons stated in this opinion, Tedd Mitchell's application for habeas corpus relief is denied in its entirety.

Enter:

_____
David H. Coar
United States District Judge

Dated: March 31, 2003

7